356

## In re Theresa Fawn Moser

*Legal Services, Inc.,* for petitioner.

MacPHAIL, P. J., April 17, 1974.—Petitioner has asked the court to issue a rule upon the county to show cause why she should not be permitted to proceed as an indigent person in a proceeding to have her name changed under the Act of April 18, 1923, P. L. 75, as amended, 54 PS §1, et seq. We took the matter under advisement and asked counsel for petitioner to furnish a memorandum of law in support of the petition.

Petitioner contends that her right to proceed as an indigent in this matter is guaranteed under the due process clause of the Federal Constitution as construed by the United States Supreme Court in Boddie v. Connecticut, 401 U. S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971). It was held in Boddie that individuals could not be denied the right to a divorce simply because they could not afford to pay for it. Justice Harlan, writing for the court in Boddie, said, at 401 U. S. 382 and 28 L. Ed. 2d 122:

"We wish to re-emphasize that we go no further than necessary to dispose of the case before us, a case where

the bona fides of both appellants' indigency and desire for divorce are here beyond dispute. *We do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment."* (Italics supplied.)

That the quoted language was an important part of the decision is quite evident from two decisions which followed the Boddie case. In U. S. v. Kras, 409 U. S. 434, 93 S. Ct. 631, 34 L. Ed. 2d 626 (1973), the Supreme Court held that the denial of a petitioner's right to the benefit of bankruptcy proceedings, because the petitioner was unable to afford the filing fee, was not an abridgement of the petitioner's constitutional rights. To the same effect was Ortwein v. Schwab, 410 U. S. 656, 93 S. Ct. 1172, 35 L. Ed. 2d 572, rehearing denied, 411 U. S. 922, where the court held that the denial of the petitioner's appellate rights by reason of inability to pay a filing fee in a decision reducing the petitioner's old age benefits was constitutionally permissible.

Pennsylvania, thus far, has not extended the decision in Boddie beyond divorce proceedings.

There is, in our mind, a clear distinction between the *right* to a divorce and the *privilege* to change one's name as authorized in the Act of April 18, 1923, supra. That there is no "right" as opposed to a "privilege" in a change of name proceeding is evident from Falcucci Name Case, 355 Pa. 588 (1947), where the Pennsylvania Supreme Court held that a petition for a change of name may be denied by the court even where no objection is interposed. As was said in the Kras case, supra, we see "no fundamental interest that is gained or lost depending on the availability" of the relief sought by the petitioner: 409 U. S. at 445, 34 L. Ed. 2d at 636. Rather, this case is much more similar to In

358

re Easley Adoption, 61 D. & C. 2d 519 (1973), where the Berks County court held that an indigent petitioner could not proceed in an adoption matter without payment of the requisite costs.

While we are certain that the rights of indigent persons have been and should be vigilantly protected by the courts, we do not feel that the courts should be open in every instance at taxpayers' expense whether or not a personal or property right guaranteed by the Constitution is involved.

It appearing that there is neither statutory nor case law to support the petition filed in the within matter and there being no convincing evidence that the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution would extend to a change of name proceeding, we will enter the following

### ORDER OF COURT

And now, April 17, 1974, the petition in the within matter is hereby denied.